THE BENEDICT & BURNHAM MANUFACTURING COMPANY, APPELLANT, v. DAVID G. THAYER, RESPONDENT.

THE PEOPLE OF THE STATE OF NEW YORK, ex rel. DAVID G. THAYER, RESPONDENT, v. PETER BOWE, SHERIFF, ETC., APPELLANT.

*Execution against the person—not rendered void by the omission of a clause requiring the sheriff to return it within sixty days—an order allowing such a clause to be inserted should be granted as a matter of course—a return made by a sheriff in pursuance of an order, from which an appeal has been taken, should be canceled if the order be reversed on the appeal.*

APPEAL in the action from an order made at a Special Term, denying a motion by the plaintiff to cancel the sheriff's return upon an execution against the person of the defendant, and to remit the said execution to the said sheriff.

APPEAL in the special proceeding from an order made on *habeas corpus*, discharging the defendant in the action from the custody of the sheriff.

On November 10, 1877, the respondent was arrested in the above entitled action, and on April 12, 1878, he was admitted to bail. On January 16, 1880, the respondent was arrested upon an execution against his person, issued January 15, 1880, upon a judgment in the action. The direction to return the execution within sixty days was omitted from the execution, and the plaintiff in the action moved for leave to amend the execution by inserting the direction, but its motion was denied. Thereafter, on a *habeas corpus*, the respondent was discharged from custody. The plaintiff appealed from both the order denying its motion and the order discharging the respondent, and the appeals were argued before the General Term on March 12, 1880, and the decisions were handed down April 7, 1880. (20 Hun, 549.) Intermediate the argument and the decision of the General Term, and on March 15, 1880, the sheriff made return of the execution, showing the prisoner arrested and discharged by order of the court.

On April 8, 1880, and after the decision but before the entry of the orders of the General Term on the appeals, the sureties on the bond given upon the respondent's arrest surrendered him to the sheriff. On April 12, 1880, on the settlement of the orders of the General Term, counsel for the respondent, by affidavit, brought to the attention of the General Term the fact of the return of the execution intermediate the argument and the decision of the appeals. Nevertheless, on April 16, 1880, the orders of the General Term were entered, though dated April 7, 1880. On April 15, 1880, the respondent presented his second petition for a writ of *habeas corpus*, and the writ was issued the next day, with an order requiring the plaintiff to show cause why the respondent should not be discharged. On April 16, 1880, the plaintiff procured and served on the respondent an order to show cause, why the execution which had been returned by the sheriff should not be taken from file, the return canceled and the execution delivered to the sheriff; such order being made returnable on the day and hour whereon the writ of *habeas corpus* was returnable. The sheriff made return to the writ, stating, first: that he held the respondent by virtue of the order of arrest and the surrender by his bail; and second: that he held him by virtue of the execution and the orders of the General Term, which orders, however, came to the sheriff after the service upon him of the writ. The orders of the General Term reversed the order denying the plaintiff's motion to amend the execution, and to allow the amendment *nunc pro tunc*, and reversed the first order discharging the respondent, and remanded him to the custody of the sheriff.

The *habeas corpus* proceedings and the plaintiff's motion came on before Justice DONOHUE at a Special Term at Chambers, and were transferred by him to the judge sitting at Special Term, who, after several adjournments, heard the matters, and made an order in the first proceeding discharging the respondent, and on the motion denying it.

The court, at General Term, said: "When this case was previously before us, we held that the execution against the defendant's person was not void merely because of the omission to direct its return within sixty days. We accordingly directed what should

have been done in the first instance, an immediate amendment to cure this trivial objection, reversed the order discharging the defendant, and remanded him to the custody of the sheriff under the execution. It seems, however, that shortly after the argument before us, and while the matter was yet under advisement, the sheriff took upon himself, at whose instigation does not appear, to return the execution, specifying that the defendant had been discharged from custody under the very order, the validity of which was then under consideration. This fact was called to our attention when the order reversing the discharge and remanding the defendant was subsequently made, but we deemed it of no moment. Of course the return fell with the reversal of the order on which it was based. The validity of the execution had been in no wise impaired. It was not like the cases of *Gleason* and *Roberts* (MS. opinion Court of Appeals), where, in consequence of the reversal of the judgment, the very foundation of the execution had fallen. The only reason why we did not at once cancel the return and remit the execution to the sheriff for proper action, in accordance with the facts as they then existed, was because we deemed that to be more appropriately the function of the Special Term. We are at a loss to understand, in the absence of any opinion from the court below, why this course was not pursued. It would be a reflection upon the administration of justice if this defendant were to escape the legal consequences of his acts by such unmeritorious technicalities as he has invoked upon both applications. It is clear that the force of the execution was but temporarily spent by the erroneous discharge and the sheriff's return of that fact. The effect of the reversal was plainly to restore the original and legal status. Practically, this could only be done by canceling the return, replacing the execution in the sheriff's hands and leaving that officer to resume his custody of the defendant, and thereupon to make a new and proper return."

*Cephas Brainerd* and *James S. Stearns*, for the appellants.

*A. C. Brown*, for the respondent.

Opinion by BARRETT, J.; DAVIS, P. J., and BRADY, J., concurred.

Order in the action reversed, with $10 costs, and disbursements; the return canceled and the execution remitted to the sheriff.

Order in the *habeas corpus* proceedings reversed, with $10 costs, and disbursements, and the prisoner remanded to the custody of the sheriff.